IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHARICE ROBINSON
on behalf of VONCHEE COSSEY,

      Plaintiff,                    No. CIV S-08-2296 DAD

  vs.

MICHAEL J. ASTRUE,              <u>ORDER</u>
Commissioner of Social Security,

      Defendant.

_____/

       This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security (Commissioner) is reversed, and the matter is remanded for further proceedings consistent with this order.

## PROCEDURAL BACKGROUND

       On September 27, 2005, plaintiff applied for Supplemental Security Income (SSI) child's disability benefits under Title XVI of the Social Security Act (the Act) for her six-year-old son VonChee Cossey. (Transcript (Tr.) at 13, 59-61, 80-86.) Plaintiff alleged that VonChee, who was born on July 10, 1999, was disabled by asthma, ADHD and eczema beginning on

1

January 1, 2001.  (Tr. at 81.)  The application was denied initially on March 28, 2006, and upon reconsideration on June 7, 2006.  (Tr. at 36-37, 43-46, 48-51.)  On October 24, 2007, an administrative law judge ("ALJ") held a hearing at which both plaintiff and VonChee, represented by attorney Jesse S. Kaplan, testified.  (Tr. at 373-96.)  In a decision dated February 14, 2008, the ALJ determined that Vonchee was not disabled.  (Tr. at 13-27.)  The ALJ entered the following findings:

> 1. The claimant was born on July 10, 1999.  Therefore, he was a preschooler on September 27, 2005, the date the application was filed, and is currently a school-age child (20 CFR 416.926a(g)(2)).
>
> 2. It is undisputed that the claimant, a child, has never engaged in substantial gainful activity at any time relevant to this decision (20 CFR 416.924(b) and 416.972).
>
> 3. The claimant has the following severe impairments: an attention deficit hyperactivity disorder, an oppositional defiant disorder, a bipolar disorder and asthma. (20 CFR 416.924(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).
>
> 5. The claimant does not have an impairment or combination of impairments that functionally equals the listings (20 CFR 416.924(d) and 416.926a).
>
> 6. The claimant has not been disabled, as defined in the Social Security Act, since September 27, 2005, the date the application was filed (20 CFR 416.924(a)).

(Tr. at 18-27.)  On August 11, 2008, the Appeals Council denied plaintiff's request for review of the ALJ's hearing decision.  (Tr. at 5-8.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on September 28, 2008.

## LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied.  Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d 968, 973 (9th

Cir. 2000); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  Jones, 760 F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a child is disabled for purposes of the SSI program, the ALJ should apply the three-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, § 416.924.  This evaluation process was developed after the statutory definition of childhood disability and the standard for determining whether a child is eligible for disability benefits were altered in 1996 by the Personal Responsibility and Work Opportunity Reconciliation Act, Pub. L. No. 104-193, § 211, 110 Stat. 2105 (1996).  See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1013 (9th Cir. 2003) (citing legislative history indicating that the change in the law was designed so that only needy children with severe disabilities will be eligible for SSI); Jamerson v. Chater, 112 F.3d 1064, 1065, 1067-68 (9th Cir. 1997) (recognizing the more stringent standard for finding a child disabled imposed by the 1996 legislation).

A child, defined as "[a]n individual under the age of 18," is disabled for purposes of the SSI program if the child "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The three-step evaluation process requires the ALJ to determine (1) whether the claimant is currently engaged in substantial gainful activity, (2) whether the claimant has a medically determinable impairment or combination of impairments that is severe, and (3) whether the claimant's impairment or combination of impairments meets or medically equals the requirements of a listed impairment, or functionally equals the listings. 20 C.F.R. § 416.924(b)-(d). See Nesmith ex rel. A.S. v. Astrue, No. CV-07-217-CI, 2008 WL 958206, at *2 (E.D. Wash. Apr. 8, 2008); Augustine ex rel. Ramirez v. Astrue, 536 F. Supp. 2d 1147, 1150-51 (C.D. Cal. 2008); Smith v. Massanari, 139 F. Supp. 2d 1128, 1132 (C.D. Cal. 2001). "The claimant bears the burden of establishing a prima facie case of disability." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995).

**APPLICATION**

Plaintiff seeks summary judgment reversing the Commissioner's final decision and remanding the case for immediate payment of benefits on the grounds that (1) the ALJ's decision does not comply with Acquiescence Ruling 04-1(9); (2) the ALJ failed to adequately consider Listing 103.03 - Asthma; (3) the ALJ failed to adequately consider Listing 112.11 - Attention Deficit Hyperactivity Disorder; (4) the ALJ erred in rejecting the treating child psychiatrists' opinions; and (5) the ALJ's flawed functional equivalency analysis resulted in an improper finding that VonChee was not disabled.

Plaintiff's arguments challenge the ALJ's findings at the third step of the three-step evaluation process, i.e., the determination of whether the claimant has an impairment or combination of impairments that meets, medically equals, or functionally equals a listed impairment. The court finds plaintiff's first claim dispositive and addresses that claim below.

Acquiescence Ruling (AR) 04-1(9) was issued in response to the Ninth Circuit Court of Appeals' decision in Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006 (9th Cir. 2003).[1] AR 04-1(9), 69 Fed. Reg. 22578 (Apr. 26, 2004), 2004 WL 875081.  In Howard, the Ninth Circuit held that the ALJ committed a legal error when he failed to comply with 42 U.S.C. § 1382c(a)(3)(I), which provides as follows:

> In making any determination under [Title XVI] . . . with respect to the disability of an individual who has not attained the age of 18 years . . ., the Commissioner of Social Security *shall make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual* (as determined by the Commissioner of Social Security) evaluates the case of such individual.

341 F.3d at 1013-14 (emphasis in original).  The Ninth Circuit "interpret[ed] this to mean that the ALJ is required to make a reasonable effort to obtain a case evaluation, based on the record in its entirety, from a pediatrician or other appropriate specialist, rather than simply constructing his own case evaluation from the evidence in the record." Id. at 1014.

The record in the Howard case included various reports from doctors and specialists stating their opinions with respect to their particular specialties, but

> at no point did the ALJ have [the child's] case evaluated as a whole, nor did he indicate that there was a 'case' evaluation in the record.  It may be that the ALJ achieved substantial compliance with the statute, in that the state agency doctors . . . , who did evaluate [the child's] case may be appropriate qualified specialists; however, we cannot make that determination on the record. Additionally, the ALJ did not consider these evaluations in making his decision.

341 F.3d at 1014.  The court in Howard remanded the case to the ALJ for further proceedings so that the record could be further developed with respect to the child's case as a whole.  Id.

---

[1] A Social Security acquiescence ruling explains how the Social Security Administration will apply a holding in a decision of a United States Court of Appeals that conflicts with the agency's own interpretation of a provision of the Social Security Act or regulations when the Commissioner decides not to seek further review of the decision or is unsuccessful on further review.  See AR 04-1(9), 69 Fed. Reg. 22578.

Pursuant to AR 04-1(9), the Social Security Administration applies the Howard decision only to Title XVI childhood disability cases in which the claimant resided in a state within the Ninth Circuit at the time of the ALJ or Appeals Council decision, and the ruling applies only to the ALJ and Appeals Council levels of the administrative review process. In such cases, the ALJ or, when the Appeals Council makes a decision, the Administrative Appeals Judge (AAJ)

> must make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual (as identified by the ALJ or AAJ) evaluates the case of the individual. To satisfy this requirement, the ALJ or AAJ may rely on case evaluation made by a State agency medical or psychological consultant that is already in the record, or the ALJ or AAJ may rely on the testimony of a medical expert. When the ALJ relies on the case evaluation made by a State agency medical or psychological consultant, the record must include the evidence of the qualifications of the State agency medical or psychological consultant. In any case, the ALJ or AAJ must ensure that the decision explains how the State agency medical or psychological consultant's evaluation was considered.

AR 04-1(9), 69 Fed. Reg. 22578

Here, plaintiff asserts that the ALJ's decision makes no mention of AR 04-1(9) and does not purport to rely on any medical source that evaluated VonChee's case in its entirety. Plaintiff argues that neither of the examining consultative doctors can be said to have evaluated the case in its entirety, as one of them saw none of the relevant medical record and the other saw approximately five pages of it. (Tr. at 141-43 ("There are no medical records available for review."), 144-48 ("As part of the evaluation process, I reviewed four pages of medical records, and an ADD follow up form dated 12.7.05.")) Plaintiff contends that the ALJ does not suggest that he relied on the opinions of the non-examining state agency physicians and indeed does not mention them at all, much less explain how those evaluations were considered.

In response, defendant dwells on the Commissioner's reason for disagreeing with the Ninth Circuit's decision in Howard, which is irrelevant in light of the Commissioner's decision to apply Howard at the ALJ and AAJ levels of the administrative review process in Title

XVI childhood disability cases in the Ninth Circuit.  To the extent that defendant argues that the state agency physicians' medical opinions satisfy the requirements of Howard and AR 04-1(9), defense counsel fails to address the fact that the ALJ either did not rely on those opinions at all, or, if he did rely on them, he failed to explain how those evaluations were considered.

        Assuming for the sake of argument that the ALJ relied on the opinions of the state agency physicians without saying so and without explaining how those opinions were considered, the court finds that the state agency physicians opinions fall short of constituting an evaluation of VonChee's entire case.  The decisions were rendered in March 2006 (tr. at 151-58) and April 2006 (tr. at 160-65) and do not address extensive evidence developed from March 2006 to the date of the ALJ's decision in February 2008.  See Godwin v. Comm'r, No. CV 09-482-PHX-MHM, 2010 WL 1337745 (D. Ariz. Mar. 31, 2010) (remanding to have a pediatrician or other appropriate specialist evaluate the case based on the record in its entirety and considering all of the medical records, where defendant argued that highly qualified state agency doctors evaluated the child's case and the ALJ considered their opinions but the court found that the reports were more than three years old when the ALJ made her decision and a significant amount of evidence was added to the record over that time); Thomas v. Astrue, No. CV 08-06887-MAN, 2010 WL 1329192, at **7-8 (C.D. Cal. Mar. 31, 2010) (finding the facts and circumstances of the ALJ's decision substantially similar to those in Howard and remanding for further proceedings to allow the ALJ to seek medical expert testimony based upon the medical expert's review of the entire record rather than upon the ALJ's construction of his own case evaluation).  Cf. Connell v. Comm'r, No. 1:09-cv-00991-JLT, 2010 WL 3185859, at *12 n.6 (E.D. Cal. Aug. 11, 2010) (finding that the ALJ complied with Howard and AR 04-1(9) where the ALJ received reports from two specialists who performed consultative examinations of plaintiff to discern his overall condition).

/////

/////

**CONCLUSION**

The undersigned finds that the ALJ failed to comply with the requirements of 42 U.S.C. § 1382c(a)(3)(1) as interpreted by the Ninth Circuit in <u>Howard</u> and as described by the Commissioner in AR 04-1(9). This matter must be remanded for further proceedings to allow the ALJ to seek testimony based upon a medical expert's review of the entire record.

Having determined that remand is appropriate, the court need not consider plaintiff's remaining claims. However, on remand the ALJ is directed to evaluate the elements of the listings taking into consideration all of VonChee's impairments in determining whether his impairments meet, medically equal, or functionally equal Listing 103.03 or Listing 112.11, or both.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 21) is granted;

2. Defendant's cross-motion for summary judgment (Doc. No. 22) is denied;

3. The decision of the Commissioner is reversed; and

4. This matter is remanded for further proceedings consistent with this order.

DATED: September 20, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/robinson2296.order