1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SHARICE ROBINSON
     on behalf of VONCHEE COSSEY,
11
              Plaintiff,                    No. CIV S-08-2296 DAD
12
          v.
13
     MICHAEL J. ASTRUE,                      ORDER
14   Commissioner of Social Security,

15            Defendant.

16   _____/

17            This matter is before the court on plaintiff's fully briefed motion for attorney fees

18   pursuant to the Equal Access to Justice Act (EAJA).

19            Plaintiff brought this action seeking judicial review of a final administrative

20   decision denying her application for Supplemental Security Income (SSI) child's disability

21   benefits under Title XVI of the Social Security Act (the Act) for her six-year-old son VonChee

22   Cossey.  On September 20, 2010, following the filing of a motion for summary judgment by

23   plaintiff and a cross-motion for summary judgment by defendant, the court granted plaintiff's

24   motion, reversed the decision of the Commissioner and remanded the action for further

25   proceedings.

26   /////

                                            1

The court's decision was based upon the conclusion that the Administrative Law Judge (ALJ) had failed to comply with the requirements of 42 U.S.C. § 1382c(a)(3)(1) as interpreted by the Ninth Circuit in Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006 (9th Cir. 2003), and as described by the Commissioner in AR 04-1(9), 69 Fed. Reg. 22578, 2004 WL 875081 (Apr. 26, 2004).  The court remanded the matter for further proceedings to allow the ALJ to seek testimony based upon a medical expert's review of the entire record.  Judgment was accordingly entered for plaintiff on September 21, 2010.[1]

Plaintiff seeks a fee award of $2,662.50 for 17.75 hours of attorney time expended in connection with this action, at a rate of $150 per hour.  Defendant has filed a statement of non-opposition to plaintiff's motion for $2,662.50 in attorney fees.

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).  A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]"  28 U.S.C. § 2412(d)(2)(B) (i).  The term "fees and other expenses" includes "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).  "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case."  Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA.  Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this

---

[1]  The undersigned apologizes to the parties, and in particular to plaintiff's counsel, for the delay in the issuance of this order.  The court will be taking steps to ensure that such delay does not occur in the future.

1   Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant

2   to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff.") .

3   "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if

4   the denial of her benefits is reversed and remanded regardless of whether disability benefits

5   ultimately are awarded." Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001).

6          Here, the court finds that plaintiff is the prevailing party.  Moreover, the court

7   finds that plaintiff did not unduly delay this litigation, and that her net worth did not exceed two

8   million dollars when this action was filed.  The court also finds that the position of the

9   Commissioner was not substantially justified.  See Corbin v. Apfel, 149 F.3d 1051, 1053 (9th

10  Cir. 1998) ("While the government's defense on appeal of an ALJ's procedural error does not

11  automatically require a finding that the government's position was not substantially justified, the

12  defense of basic and fundamental errors such as the ones in the present case is difficult to

13  justify."); Sampson v. Chater, 103 F.3d 918, 921-22 (9th Cir. 1996) (finding no substantial

14  justification where the Commissioner "did not prove that her position had a reasonable basis in

15  either fact or law" and "completely disregarded substantial evidence" of the onset of disability).

16         The EAJA expressly provides for an award of "reasonable" attorney fees.  28

17  U.S.C. § 2412(d)(2)A).  Under the EAJA, hourly rates for attorney fees have been capped at

18  $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an

19  increase in the cost of living.[2]  See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140,

20  1147-49 (9th Cir. 2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998).  Determining a

21  reasonable fee "'requires more inquiry by a district court than finding the product of reasonable

22  hours times a reasonable rate.'"  154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424,

23

24         [2]  In accordance with Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and
     Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory
25   maximum hourly rates authorized by the EAJA, as adjusted annually.  The rates may be found on
     the Court's website.  See http://www.ca9.uscourts.gov.  Here, plaintiff's requested rate is well
26   below the statutory maximum rates established by the Ninth Circuit.

434 (1983) (internal citations omitted)).  The district court must consider "'the relationship between the amount of the fee awarded and the results obtained.'"  Id. at 989 (quoting Hensley, 461 U.S. at 437).

Here, plaintiff's attorney obtained an award of benefits despite defendant's cross-motion for summary judgment.  Having reviewed the itemization of attorney hours spent, the court finds that the claimed 17.75 hours of attorney time is reasonable in this case and that the number of hours claimed by plaintiff's counsel is comparable to the amount of time devoted to similar tasks by counsel in other social security appeals coming before this court.

Plaintiff's motion includes a request that any EAJA fees awarded be paid directly to plaintiff's attorney.  However, subsequent to the filing of plaintiff's motion, the United States Supreme Court ruled that an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant.  Astrue v. Ratliff, ___ U.S. ___, ___, 130 S. Ct. 2521, 2526-27, 2529 (2010).  In this regard, defendant has filed an opposition to plaintiff's request that the EAJA fees awarded be paid directly to plaintiff's attorney, citing the decision in Ratliff.

Subsequent to the decision in Ratliff, some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset.  See Blackwell v. Astrue, No. CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, No. CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); Calderon v. Astrue, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue, No. EDCV 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010).  Similarly, in recently submitted stipulations and proposed orders for the award of attorney fees under the EAJA, the parties have stipulated that, if plaintiff does not owe a federal debt, the government will consider the plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney and
/////

shall honor the assignment by making the fees and expenses payable directly to counsel.  The court will incorporate such a provision in this order.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for attorney fees under the Equal Access to Justice Act (Doc. No. 25) is granted;

2.  Plaintiff is awarded $2,662.50 for attorney fees under 28 U.S.C. § 2412(d); and

3.  Defendant shall determine whether plaintiff's EAJA attorneys fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall cause the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment executed by plaintiff.

DATED: November 3, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.socsec/robinson2296.attyfees.eaja

5